UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-62357-CIV-DIMITROULEAS

STARMARK FINANCIAL, LLC,

    Plaintiff,

vs.

LUTHER APPLIANCE & FURNITURE
SALES ACQUISITION LLC,

    Defendant.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE AND ENTERING TEMPORARY RESTRAINING ORDER

THIS CAUSE is before the Court on Plaintiff's Expedited Motion for Temporary Restraining Order [DE 4] filed on December 16, 2024 and the December 18, 2024 Report and Recommendation of Magistrate Judge Patrick M. Hunt [DE 10] (the "Report"). The Court notes that the time allotted for objections has expired and no objections have been filed in the record. *See* [DE 18] (requiring Plaintiff to immediately serve Defendant with the R&R and allowing one day from the time of service to file objections). Accordingly, the Magistrate Judge's findings in the Report [DE 10] are hereby adopted and deemed incorporated into this opinion. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The Report [DE 10] is hereby **ADOPTED** and **APPROVED**.

2.     Plaintiff's Motion for Temporary Restraining Order [DE 4] is hereby **GRANTED** as follows:

a. Pursuant to Fed. R. Civ. P. 65(a), the entirety of Defendant's assets without exception should be immediately frozen. Upon receipt of the Court's Order on this Report and Recommendation, Defendant and its related companies and affiliates should 6 immediately freeze all its assets.

b. Pursuant to Fed. R. Civ. P. 65(a), Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, should be temporarily restrained from conducting any transactions, sales, or transfers relating to Starmark's accounts, and from using the subject accounts, funds, or financial data in any way.

c. This Temporary Restraining Order should remain in effect until the date of the hearing on Plaintiff's request for a preliminary injunction, or until such further dates as set by the Court or stipulated to by the parties.

d. The Court should reserve ruling on Plaintiff's request for the appointment of a Special Master until all parties have the opportunity to be heard on the matter.

e. A hearing is hereby set for **January 2, 2025, at 2:00 PM**., in Courtroom 310B of the U.S. Federal Building and Courthouse, 299 East Broward Blvd, Fort Lauderdale, Florida. At the hearing, the Court will hear argument on Plaintiff's request for preliminary injunction and appointment of a special master as set forth in the Motion.

f. By Friday, **December 27, 2024**, Defendant shall file a Response to Plaintiff's Motion. Plaintiff shall file a Reply by Monday, **December 30, 2024**. These dates may be revised upon stipulation by the Parties and approval of the Court.

g. By Tuesday, **December 31, 2024**, the Parties shall file Witness Lists identifying any witnesses that the Parties expect to call at the preliminary

    injunction hearing. At the option of the parties, direct testimony may be submitted in the form of written affidavits; however, all affiants will be subject to live cross examination at the hearing.

h.  Defendant is hereby notified that if it does not timely respond to Plaintiff's Motion or does not appear at the scheduled preliminary injunction hearing, the Court may enter a preliminary injunction against Defendant by default.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of December 2024.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record
Magistrate Judge Hunt