UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-62357-CIV-DIMITROULEAS/HUNT

STARMARK FINANCIAL, LLC,

     Plaintiff,

vs.

LUTHER APPLIANCE & FURNITURE
SALES ACQUISITION LLC,

     Defendant,

and

WELLS FARGO BANK, N.A.,

     Garnishee.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on Plaintiff Starmark Financial, LLC's ("Plaintiff") Motion for Entry of Final Garnishment Judgment ("Motion"). ECF No. 72. The Honorable William P. Dimitrouleas, United States District Judge, referred this Motion to the undersigned United States Magistrate Judge for a report and recommendation. ECF No. 73; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. The undersigned, after having reviewed the Motion, the record, and being otherwise duly advised in the premises, hereby RECOMMENDS that the Motion be GRANTED.

In October 2025, this Court granted a final default judgment in favor of Plaintiff against Defendant Luther Appliance & Furniture Sales Acquisition LLC ("Defendant"). ECF No. 62. That judgment was for a "total sum of $939,837.87." *Id.* Plaintiff subsequently moved for a writ of garnishment against Garnishee Wells Fargo Bank

("Garnishee").  ECF No. 67.  The Clerk issued the writ.  ECF No. 68.  In response to the writ of garnishment, Garnishee answered that it had placed a hold on a total sum of $179,021.44 in an account held by Defendant.  ECF No. 70.  The account contains $179,146.44; Garnishee claimed it is entitled to a $125.00 administrative fee and a statutory $100.00 fee, pursuant to Fla. Stat. § 77.28.  *Id.*

Plaintiff does not dispute Garnishee's entitlement to those fees, and it now moves for entry of final judgment against Garnishee in the amount of $179,021.44.  ECF No. 72. No response was filed in response to Plaintiff's motion and the time to do so has now passed.  *See* S.D. Fla. L.R. 7.1(c)(1) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default.").  Accordingly, the Motion should be granted.  *See Managed Healthcare Sols. Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV-SEITZ/SIMONTON, 2012 WL 12948557, at *2 (S.D. Fla. Dec. 31, 2012) (concluding that defendant was entitled to final judgment against garnishee for the full sum identified in answer to writ), *report and recommendation adopted*, 2013 WL 12201245 (S.D. Fla. Jan. 3, 2013).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Entry of Final Garnishment Judgment, ECF No. 72, should be GRANTED.  The Clerk of Court should enter judgment in Plaintiff's favor against Garnishee in the amount of $179,021.44.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above

findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** in Chambers in Ft. Lauderdale, Florida, on this 10th day of February 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record